IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY CRESPIN<br>(TDCJ No. 1807429),<br><br>      Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br><br>      Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-cv-818-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Petitioner Jeremy Crespin's Motion to Stay § 2254 Proceedings Pending Resolution of Petition for Writ of Certiorari [Dkt. No. 3] be denied.

**Background**

This 28 U.S.C. § 2254 habeas action was transferred to this Court from the Western District of Texas on March 13, 2015. *See* Dkt. No. 5. Petitioner Jeremy Crespin's Motion to Stay § 2254 Proceedings Pending Resolution of Petition for Writ of Certiorari [Dkt. No. 3] was pending at the time that this case was opened in this Court. The Court has recently received correspondence from Petitioner requesting a

-1-

ruling on this motion. *See* Dkt. No. 13.

The undersigned now concludes that the motion to stay should be denied.

## Legal Standards

"When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)). But, "[b]ecause a stay and abeyance has the potential to 'frustrate[ ] [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s] objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" *Id.* (quoting *Rhines*, 544 U.S. at 277); *see also Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."))).

## Analysis

It is not entirely clear that Petitioner had any unexhausted claims when he filed his federal habeas application. Instead, Petitioner requests that this Court stay these proceedings to allow the Texas Court of Criminal Appeals ("TCCA") to rule on his

suggestion for reconsideration and to allow him to petition the United States Supreme Court to review the TCCA's denial of his state habeas application. *See* Dkt. No. 3. This request is not well-taken.

First, the TCCA denied his suggestion for reconsideration on March 13, 2015. *See Ex parte Crespin*, WR-82,141-03, 04 (Tex. Crim. App. Mar. 13, 2015).

And, as to Petitioner's request that this Court stay consideration of his Section 2254 application while he petitions for certiorari, 28 U.S.C. § 2244(d)(2) "does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (footnote omitted). In support of this holding, the United States Court of Appeals for the Fifth Circuit noted that "[r]equesting relief from the Supreme Court is not necessary for prosecuting state habeas relief and is irrelevant to federal habeas jurisdiction. Thus, unlike direct review, there is no judicial interest in habeas proceedings for tolling the limitations period for Supreme Court certiorari petitions." *Id.* (footnote omitted).

Accordingly, Petitioner may not use the limited stay-and-abeyance option to hold up this Court's review of claims considered and rejected by the TCCA while he petitions the United States Supreme Court to review the TCCA's decision. *Cf. Rhines*, 544 U.S. at 277-78; *Williams*, 602 F.3d at 309 (federal district court consideration of unexhausted claims should not be stayed where the failure to exhaust was for purposes of delay).

**Recommendation**

The motion to stay [Dkt. No. 3] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 14, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE