IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY CRESPIN<br>(TDCJ No. 1807429),<br><br>    Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-cv-818-D-BN |

**MEMORANDUM OPINION AND ORDER GRANTING CONSTRUED
MOTION FOR PORTIONS OF THE STATE COURT RECORDS**

    This action, in which Petitioner Jeremy Crespin, a Texas prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2254 application for a writ of habeas corpus, has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater.

    While a response to the Section 2254 application has been filed, *see* Dkt. No. 16, two motions filed by Petitioner also remain pending – a motion for leave to amend the petition [Dkt. No. 20] and a construed motion for portions of the state court records, *see* Dkt. Nos. 22 & 24.

    For the reasons explained below, the Court GRANTS Petitioner's construed motion concerning the state court records to the extent that the Court ORDERS Respondent to serve Petitioner with complete copies of those portions of the state court

records Respondent relies on (i.e., cites to) in his answer and brief no later than **November 9, 2015** and simultaneously file with the Court a certificate evidencing such service. Relatedly, after reviewing the records, Petitioner is ORDERED to either re-file his motion for leave to amend the petition or notify the Court that he intends to proceed with the motion for leave to amend he previously filed [Dkt. No. 20] no later than **December 9, 2015**. The Court shall establish additional deadlines once it rules on the motion for leave to amend.

## Background

Included in Petitioner's motion to strike the response to the habeas petition [Dkt. No. 22] was an assertion that Petitioner has been prejudiced by Respondent's refusal to provide him with the state court records filed with this Court. *Compare* Dkt. No. 16 at 9 ("A copy of the state-court records will not be forwarded to Crespin. An indigent inmate is not entitled to receive a free copy of his trial records for habeas corpus purposes." (citations omitted)), *with* Dkt. No. 22 at 2 ("Petitioner should have access to the State Court record, by the Respondent serving him with a copy. It should be noted that Petitioner does not seek access to the State court record solely to plead his grounds.... Rather, access to the State court record is necessary to adequately reply to the Respondent's Answer.... Specifically, Petitioner will need to demonstrate to this Court where he fairly presented his federal claims to the State courts and that he was diligent in requesting an evidentiary haring in State court....").

Although the motion to strike was denied, Respondent was ordered to respond to Petitioner's request that he be served with the state court records. *See* Dkt. No. 24.

Respondent has filed his response, *see* Dkt. No. 25, to which Petitioner has replied, *see* Dkt. No. 36.

## Legal Standards and Analysis

"In § 2254 proceedings, the Rules Governing Section 2254 Cases (the 'Habeas Rules'), in combination with the Federal Rules of Civil Procedure (the 'Civil Rules'), provide the applicable procedural law.... When they conflict, the Habeas Rules control." *Sixta v. Thaler*, 615 F.3d 569, 571 (5th Cir. 2010) (citations omitted).

> Habeas Rule 5(a) requires the respondent in a § 2254 proceeding to file an answer to the petition when the "judge so orders." Habeas Rule 5(b) prescribes the required contents of the answer, specifying that it "must address the allegations in the motion" as well as procedural bars to adjudication on the merits. Habeas Rule 5(c) requires that the answer "indicate what transcripts ... are available, when they can be furnished, and what proceedings have been recorded but not transcribed." Finally, also under Habeas Rule 5(c), "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant."

*Id.* at 572; *cf. Kraus v. Taylor*, 715 F.3d 589, 597 (6th Cir. 2013) ("[Habeas] Rule 5(c) specifies that the 'transcript' – that is, the record of what actually occurred at trial as opposed to briefs that merely describe what occurred – must be provided.").

In *Sixta*, the United States Court of Appeals for the Fifth Circuit concluded that "[w]hen the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner." *Id.* (citing FED. R. CIV. P. 5(a), 7, & 10(c); *Thompson v. Green*, 427 F.3d 263 (4th Cir. 2005) (holding that the Habeas Rules and the Civil Rules require service of exhibits attached to an answer)); *see Thompson*, 427 F.3d at 268-69 ("Although the Habeas Rules do not explicitly require service of the answer on the

petitioner, such service – an elementary step in litigation in our judicial system – was plainly contemplated when the [Habeas] Rules were promulgated by the Supreme Court in 1976.... Moreover, the Civil Rules clearly mandate service on an adversary of pleadings and their contents." (quoted in *Sixta*, 615 F.3d at 572)).

But, in *Sixta*, the respondent's answer did

> not have any attachments or exhibits, and only cite[d] to the state court record. Because the respondent in fact served the answer – and there were no exhibits to serve together with the answer – the respondent satisfied his procedural obligations insofar as they required him to serve the answer and the exhibits, if any, on the petitioner.

615 F.3d at 573. There – like here – "the respondent filed the entire state court record with the federal district court" separately. *Id.* at 572-73; *see* Dkt. Nos. 18 & 19.

Thus, the Fifth Circuit did not reach the question of "whether and to what extent the applicable procedural rules or the Constitution require[ a] respondent to attach portions of the state court record as exhibits to his answer." *Id.* ("In particular, we do not address the nature of the respondent's duty and discretion under Habeas Rule 5(c) to attach those portions of the transcript that he 'deems relevant.'").

Subsequently, the United States Court of Appeals for the Eleventh Circuit has answered a question directly related to the question left open in *Sixta* and has held that

> any exhibits or documents that are referenced in the answer and filed with the Court are part of the answer[ to a Section 2254 petition], whether the filings are made together or at different times. This being the case, service of these exhibits, like the answer itself, is procedurally required. The Appendix in this case is a collection of fourteen documents filed with the court, twelve of which are referenced in the State's answer. Those referenced exhibits trigger a service requirement the State [must]

-4-

meet and that the District Court [must] enforce.

*Rodriguez v. Fla. Dep't of Corrs.*, 748 F.3d 1073, 1075 (11th Cir. 2014).

In *Rodriguez*, the Eleventh Circuit relied principally on *Thompson* – in which the petitioner's situation was "remarkably similar to that of Mr. Rodriguez." *Id.* at 1077. In *Thompson*, while the respondent's answer included twenty attached exhibits, the petitioner was not served with the actual exhibits but only the text of the answer and an index of the various exhibits. *See* 427 F.3d at 265-66. In vacating the dismissal of the habeas petition, the United States Court of Appeals for the Fourth Circuit, in *Thompson*, observed that "the applicable rules mandate that an answer in a habeas corpus proceeding, along with all of its exhibits, must be served on a petitioner." *Id.* at 269; *see also id.* (discussing one of those "applicable rules," Civil Rule 5(a), which "requires that service be made on all parties not in default of 'every pleading subsequent to the original complaint unless the court otherwise orders,' including all papers relating to discovery, motions, notices, designation of record on appeal, and other 'similar paper[s]'").

Here, Respondent's inclusion of those portions of the state court records cited in his answer in a separate filing with the rest of the state court records – a filing not served on Petitioner – coupled with his decision not to physically attach those applicable portions as exhibits to the answer does not technically violate *Sixta*. But not serving Petitioner with those portions of the state court records relied on in – yet not physically attached as exhibits to – the answer does seem to strain the reasoning of *Thompson* and, moreover, the Habeas Rules and Civil Rules "[c]onsidered together."

*Sixta*, 615 F.3d at 572. *See Rodriguez*, 748 F.3d at 1077 ("[E]ven in the § 2254 context, a party referencing filed exhibits in a pleading must provide copies of those exhibits to the other parties. This bedrock principle promotes both efficiency and fairness in civil litigation."); *see also Griffin v. Keith*, No. 3:12-cv-3163, 2013 WL 5836209 (W.D. La. Oct. 30, 2013) (relying on Habeas Rule 5(c) and *Sixta* to require respondent to serve on the petitioner the entirety of the state court records filed separately with the court); *Harms v. Quarterman*, C.A. No. C-06-440, 2007 WL 950394 (S.D. Tex. Mar. 26, 2007) (where "respondent filed the state court records separately and did not serve them on petitioner," the court relied on Habeas Rule 5 and *Thompson* to grant petitioner's motion for copies of certain pleadings from the state court records); *Bonomelli v. Dinwiddie*, No. CIV-07-212-D, 2008 WL 5059814, at *1 (W.D. Okla. Nov. 21, 2008) ("Contrary to Petitioner's view, [Habeas Rule 5] ... does not entitle him to a free copy of the entire state court record; it requires only that the respondent provide certain documents, including 'parts of the transcript that the respondent considers relevant.' Consistent with this requirement, [the magistrate judge ordered] Respondent to attach to his answer 'such portion of the transcript as [is] relevant.' In compliance, Respondent attached to his Response relevant state court records, including pages of transcripts. Further, consistent with [Civil] Rule 5 ... , Respondent served a copy of the Response, including the attachments, on Petitioner." (citation omitted)).

## Conclusion

The Court ORDERS Respondent to serve Petitioner with an appendix containing complete copies of the portions of the state court records Respondent relied on (i.e.,

cited to) in his answer no later than **November 9, 2015** and simultaneously file with the Court a certificate evidencing such service. By way of example only, if Respondent relied on testimony from a particular hearing in his answer, Petitioner shall be served a complete transcript of that hearing to the extent that such a transcript is included in the state court records filed with the Court [Dkt. Nos. 18 & 19].

The Court further ORDERS Petitioner to either re-file his motion for leave to amend the petition or notify the Court that he intends to proceed with the motion for leave to amend [Dkt. No. 20] he previously filed no later than **December 9, 2015**.

SO ORDERED.

DATED: October 8, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE